United States Court of Appeals
**FOR THE DISTRICT OF COLUMBIA CIRCUIT**

**No. 21-7038**

**September Term, 2021**

FILED ON: APRIL 29, 2022

JESSE P. GOODE,
                    APPELLANT

v.

DISTRICT OF COLUMBIA, ET AL.,
                    APPELLEES

Appeal from the United States District Court
for the District of Columbia
(No. 1:20-cv-01332)

Before: PILLARD, WILKINS and WALKER, *Circuit Judges*

**J U D G M E N T**

This appeal was considered on the record, briefs, and oral arguments of the parties. The Court has accorded the issues full consideration and determined that they do not warrant a published opinion. *See* FED R. APP. P. 36; D.C. CIR. R. 36(d). For the reasons set out below, it is

**ORDERED AND ADJUDGED** that the judgment of the District Court be **AFFIRMED**.

Appellant Jesse Goode is a former Administrative Law Judge ("ALJ") in the Office of Administrative Hearings in Washington, D.C. Goode alleges that the Commission on Selection and Tenure of Administrative Law Judges of the Office of Administrative Hearings ("COST" or the "Commission") unlawfully denied his request for reappointment as an ALJ. Goode contends that the Commission denied him reappointment because he supported an ethics investigation into the Chief ALJ, led an effort to unionize the ALJs, and engaged in other union activities. Goode filed this Section 1983 suit against the District of Columbia (his employer), and the individual commissioners involved in his reappointment decision in their official and individual capacities (collectively "Defendants") for violating his Fifth Amendment right to procedural due process (count one) and First Amendment right to freedom of association (count two).

Defendants moved to dismiss Goode's claims for failure to state a claim upon which relief can be granted. FED. R. CIV. P. 12(b)(6). The District Court granted the motion and entered judgment in favor of Defendants. The District Court dismissed the Fifth Amendment claim because Goode's factual allegations demonstrated that Goode received all the process he was due.

The District Court also held that Goode failed to state a First Amendment claim because Goode's conclusory allegations were insufficient to establish that anti-union sentiment was a substantial or motivating factor in COST's decision not to reappoint him. Moreover, the District Court reasoned that a prior proceeding before the Public Employee Relations Board resolved the question of whether anti-union animus affected COST's denial of reappointment, and thus, Goode was collaterally estopped from arguing that it did. Next, the District Court concluded that Goode failed to state a claim for municipal liability, which provided an independent ground for dismissal of Goode's claims against the District of Columbia. Finally, the District Court determined that the individual commissioners were entitled to qualified immunity, which provided an independent ground for dismissal of Goode's claims against them. Goode timely appealed, and we affirm.

"This court reviews *de novo* a district court decision granting a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6)." *W. Org. of Res. Councils v. Zinke*, 892 F.3d 1234, 1240 (D.C. Cir. 2018). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*

First, we affirm the District Court's dismissal of the Fifth Amendment claim. "In order to determine whether there has been a violation of due process rights, we undertake a two-part inquiry: first, we must determine whether the claimant was deprived of a protected interest; and second, if the claimant was so deprived, we then consider what process the claimant was due." *Patchak v. Jewell*, 828 F.3d 995, 1004 (D.C. Cir. 2016). Importantly, "when a statute leaves a benefit to the discretion of a government official, no protected property interest in that benefit can arise." *Bloch v. Powell*, 348 F.3d 1060, 1069 (D.C. Cir. 2003). Accordingly, we look to the statute and regulations governing Goode's reappointment to determine whether they constrain COST's discretion sufficiently to grant him a protected property interest in his reappointment. "To create a protected property interest, [the statute and] regulations must limit [COST's] discretion by "'explicitly mandatory language,'" *i.e.,* specific directives to the decisionmaker that if the [statute's or] regulations' substantive predicates are present, a particular outcome must follow.'" *Id.* (quoting *Ky. Dep't of Corr. v. Thompson*, 490 U.S. 454, 463 (1989)).

Fortunately for us, the District of Columbia Court of Appeals recently construed the relevant statute and regulations. *See Williams v. Johnson*, 776 F.3d 865, 869 (D.C. Cir. 2015) ("[W]e defer to the District of Columbia Court of Appeals' interpretation of the D.C.[]Code."). In *Barber v. Commission on Selection & Tenure of Administrative Law Judges*, the court reviewed Goode's legal challenge to COST's decision denying him reappointment and noted that the Office of Administrative Hearings Establishment Act of 2001 ("Establishment Act") confers "'final authority'" on COST "'to appoint, reappoint, discipline, and remove Administrative Law Judges.'" 259 A.3d 62, 69–70 (D.C. 2021) (quoting D.C. CODE § 2-1831.06(b)). The court noted that like the Establishment Act, "the National Labor Relations Act provides that the general counsel of the National Labor Relations Board 'shall have *final authority* . . . in respect of the investigation of charges[,] . . . issuance of complaints . . . and . . . prosecution of such complaints before the Board.'"

2

*Id.* at 70 & n.49 (quoting 29 U.S.C. § 153(d)) (emphasis and alterations in original). Consistent with the Supreme Court's construction of "final authority" in the National Labor Relations Act to mean "unreviewable authority[,]" *NLRB v. Sears, Roebuck & Co.*, 421 U.S. 132, 138 (1975), and "unreviewable discretion," *NLRB v. United Food & Com. Workers Union, Local 23*, 484 U.S. 112, 125 (1987), the court construed "final authority" in the Establishment Act to mean unreviewable authority or discretion as well. *Barber*, 259 A.3d at 70 & nn. 50–51 (citing *Sears*, 421 U.S. at 138 and *United Food & Com. Workers Union, Local 23*, 484 U.S. at 127–29). Significantly, the court also rejected a claim that COST failed to abide by its own regulations (which also state that COST's reappointment decision "shall be final," *see* D.C. Mun. Regs. tit. 6B § 3705.23), because there is "clear and convincing evidence" that the D.C. Council "intended to entirely preclude judicial review." *See Barber*, 259 A.3d at 73–74.

Accordingly, in light of the District of Columbia Court of Appeals' determination that the Establishment Act and its implementing regulations confer unreviewable discretion on the Commission akin to the unreviewable discretion afforded prosecutors in deciding whether to file charges, we hold that Goode had no constitutionally protected property interest in reappointment as an ALJ. *See United States v. Bland*, 472 F.2d 1329, 1335–36 (D.C. Cir. 1972) (rejecting a procedural due process right to a hearing in claim challenging prosecutor's decision to bring criminal charges); *see also Russell v. Parratt*, 543 F.2d 1214, 1215–16 (8th Cir. 1976) (same).[1] For that reason, the District Court's dismissal of the procedural due process claim was proper.

Further, and in the alternative, even assuming that Goode had some protected property interest in reappointment, we also hold that he received all the process he was due. "[D]ue process is flexible and calls for such procedural protections as the particular situation demands." *Morrissey v. Brewer*, 408 U.S. 471, 481 (1972). In considering his reappointment, COST provided Goode both notice and a meaningful opportunity to be heard—opportunities that were commensurate with the asserted interests at stake. Between April and June 2017, well in advance of his COST hearing, Goode received a series of four notices identifying reasons counseling against his reappointment. Before the hearing, Goode was afforded the opportunity to respond to and supplement the administrative record. He makes no allegations of denial of any timely request on his part to call or cross-examine witnesses at the hearing. And his claim that the Commission was not impartial boils down to allegations against a member of COST who did not have a vote on Goode's reappointment decision. Further, Goode identifies no potential prejudice flowing from his assertion of impermissible *ex parte* communications, given that Chief ALJ Eugene Adams described the same issues in his written recommendation, to which Goode had ample chance to respond by letter and at his hearing. The Commission did not consider any information outside its scope of review. *See* D.C. CODE §§ 2-1831.08(d)(1), 2-575; D.C. Mun. Regs. tit. 6B § 3705.17. Finally, we see no merit in Goode's claim that COST members whose terms were not promptly renewed had acted *ultra vires*; all the voting members had been properly seated by the time of Goode's reappointment denial. In short, Goode has identified no constitutional shortcoming in the

---

[1] To be sure, the Supreme Court has cautioned against "deny[ing] any judicial forum for a colorable constitutional claim." *See Webster v. Doe*, 486 U.S. 592, 603–04 (1988). Thus, nothing in our decision should be read as foreclosing judicial review of a plausible claim that COST used its final authority under the Establishment Act to base reappointment decisions on "race, religion, or other arbitrary classification," giving rise to a colorable claim under the Equal Protection Clause. *See Bland*, 472 F.3d at 1336; *see also Parratt*, 543 F.2d at 1217 n.6.

process afforded him.  For these reasons, the District Court's dismissal of Goode's procedural due process claim was proper.

Second, we affirm the District Court's dismissal of the First Amendment claim.  Goode has pled no facts that support a reasonable inference that his effort to organize the union in 2012 or his union membership was a substantial or motivating factor in his non-reappointment or that the Commission harbored any anti-union bias.  Therefore, Goode's factual allegations did not establish that his First Amendment activity was the cause of any alleged retaliation on the part of the Commission.  *Hall v. Ford*, 856 F.2d 255, 258 (D.C. Cir. 1988); *Scahill v. District of Columbia*, 909 F.3d 1177, 1185 (D.C. Cir. 2018).  Because the facts alleged in Goode's amended complaint are insufficient to make out a plausible First Amendment retaliation claim, the District Court did not err in dismissing the claim.  *Kowal v. MCI Commc'ns Corp.*, 16 F.3d 1271, 1276 (D.C. Cir. 1994) ("[T]he court need not accept inferences drawn by plaintiffs if such inferences are unsupported by the facts set out in the complaint.").

Consistent with the foregoing, we affirm the judgment of the District Court.

Pursuant to D.C. Circuit Rule 36, this disposition will not be published.  The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or petition for rehearing *en banc*.  *See* FED. R. APP. P. 41(b); D.C. CIR. R. 41(a)(1).

**<u>Per Curiam</u>**

**FOR THE COURT:**
Mark J. Langer, Clerk

BY:    /s/
Daniel J. Reidy
Deputy Clerk

4